UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **TERRY GRAHAM,** § | |
| § | |
| **PLAINTIFF,** § | |
| § | |
| VS. § | CASE NO.: _____ |
| § | |
| **NATIONAL ACTION FINANCIAL** § | **TRIAL BY JURY** |
| **SERVICES, INC.,** § | |
| § | |
| **DEFENDANT** § | |

## COMPLAINT

**COMES NOW** the Plaintiff, TERRY GRAHAM by and through the undersigned attorney and states a claim for relief as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### FACTUAL ALLEGATIONS

3. Plaintiff is a resident of Madison County, Alabama.

4. Defendant is a debt collector as defined by the FDCPA.

5. Plaintiff received two collections letters from Defendant on or about October 9, 2007, regarding two accounts allegedly owed by Plaintiffs to credit lenders Conseco Finance and Home Advantage.

6. The two letters state that the Plaintiff allegedly owed $17,209.27 on an account with Home Advantage and $24,601.00 on an account with Conseco Finance.

7. Plaintiff disputed both these debts with written correspondence by certified mail within the 30 days of receiving the notice of the alleged debt and also included a notice to cease and desist all collection activity as the Plaintiff did not owe the debts.

8. On November 13, 2007, Plaintiff received from Defendant two letters stating that the debt was valid.

9. These letters included documentation allegedly supporting the validity of the debt.

10. Defendant did not include a contract purporting to be signed by the Plaintiff or any other documentation alleging the debt belonged to the Plaintiff.

11. All that was included to prove the debt was the Plaintiff's was an appraisal report for a home and several account statements.

12. Defendant began making phone calls to the Plaintiff's home on November 20, 2007, and has continued to make collection calls.

13. Plaintiff has received an estimated 45 phone calls from the Defendant over the past two months.

14. On December 31, 2007, Plaintiff spoke to Mrs. Hand, an agent of the Defendant, and Plaintiff reiterated that the debt was not owed and again requested the Defendant to cease and desist all collection activity.

15. Defendant's agent noted that in the record, stated, "We have no more business. Have a good day," and hung up the phone on the Plaintiff.

16. On January 9, 2008, Plaintiff once again began receiving calls from the Defendant in an attempt to collect the alleged debt.

17. Plaintiff has continued to receive phone calls from Defendant even after being placed on notice that Plaintiff refuses to pay the debt and to cease and desist all collection activity.

18. Plaintiff has suffered emotional distress and mental anguish from this constant harassment and abuse by Defendant of the FDCPA.

19. Plaintiff has suffered monetary damages as a result of the Defendant's abusiveness under the FDCPA.

## COUNT ONE
**(FDCPA Violation)**

20. The Defendant has violated the FDCPA. The Defendant has presented actions that are:

      a.     In a manner to harass, oppress, or abuse the Plaintiff into paying a debt he no longer owed;

      b.     A use of language that the natural consequence of such use is to abuse the Plaintiff into paying a debt he no longer owed;

      c.     Not in accordance with the FDCPA as the Defendant has failed to cease communication with the Plaintiff after being placed on notice that the Plaintiff refused to pay the debt;

      d.     A false representation or implication that nonpayment of the debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiff and the debt collector or creditor intends to take such action;

      e.     A false and deceptive act which violates the FDCPA in other ways not specifically mentioned.

21.    Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

22.    Plaintiff alleges said debt with Defendant is a consumer debt pursuant to 15 U.S.C. §1692a(5).

23.    As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

      a.     Actual damages;
      b.     Statutory damages pursuant to 15 U.S.C. §1692k;
      c.     Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;
      d.     For such other and further relief as may be just and proper.

### COUNT TWO
### (Wantonness)

24.    Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

25.    The actions taken by Defendant in attempting to collect from Plaintiff amounts not owed and the manner in which the collection efforts constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Negligence)

26. Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

27. Defendant at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing his account. This included the duty to take reasonable measures to ensure that the debts collected against Plaintiff were those actually owed by Plaintiff. Defendant also owed a duty not to engage in unreasonable collection efforts aimed only at harassing Plaintiff and coercing him to pay even though he disputed the debt.

28. Defendant breached the duties owed to Plaintiff. The collection actions taken against Plaintiff and Defendant's management of Plaintiff's account constitute negligence and Plaintiff has been damaged by Defendant's negligent actions.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**RESPECTFULLY** submitted on this the 29th day of January, 2008.

s/ James D. Patterson
**JAMES D. PATTERSON, ESQ. (PATTJ6485)**
**EARL P. UNDERWOOD, JR.  (UNDEE6591)**
**LAW OFFICE OF EARL P. UNDERWOOD**
**21 South Section Street**
**PO Box 969**
**Fairhope AL 36533**
**251.990.5558**

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

s/ James D. Patterson
**JAMES D. PATTERSON, ESQ. (PATTJ6485)**

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**NATIONAL ACTION FINANCIAL SERVICES, INC.**
**C/O C T CORPORATION SYSTEM**
**1201 PEACHTREE ST NE**
**ATLANTA, GA 30361**